**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEDRO CARO RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MASTERCARD INC.,<br><br>Defendant. | Case No. ___________<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Pedro Caro Rivera, individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**INTRODUCTION**

1. Unsatisfied with interchange fee revenue alone, Defendant Mastercard Inc. ("Mastercard") sold, rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as age, gender, religion, and purchase-related data, and information pertaining to their use of MasterCard cards to make purchases (hereinafter, "Personal Identifying Transactional Data")) on the open market to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties interested in purchasing them. Prior to monetizing Plaintiff's and its other customers' Personal Identifying Transactional Data in this way, Mastercard did not ask for much less obtain consent from any of these individuals.

2. Documented evidence confirms these facts. For example, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including

through NextMark and/or one or more "list manager" and/or "list broker"), and during the time period relevant to this action, sold and rented to various parties the mailing list titled "MASTERCARD® AUDIENCES Mailing List", which contains the names, addresses, and other Personal Identifying Transactional Data of all individuals who used MasterCard cards to make purchases (including the types of purchases made), including Plaintiff and each member of the Class, at a base price of "$110/M [per thousand]," (i.e., 11 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



## MASTERCARD® AUDIENCES Mailing List

A World Beyond Cash® Every day, everywhere consumers are pulling out their Mastercard® to purchase everything from apparel and travel to entertainment and small business supplies plus everything in-between.

Get Count | Get Pricing | Get More Information

| SEGMENTS | | COUNTS THROUGH 04/14/2021 |
|---|---|---|
| 31,328,300 | TOTAL UNIVERSE / BASE RATE | $110.00/M |
| 31,328,300 | MONTHLY HOTLINE | $110.00/M |
| 12,500,625 | EMAIL ADDRESSES | $150.00/M |
| 18,797,579 | FACEBOOK USERS | |
| | FUNDRAISER RATE | $85.00/M |

DESCRIPTION

A World Beyond Cash®

Every day, everywhere consumers are pulling out their Mastercard® to purchase everything from apparel and travel to entertainment and small business supplies plus everything in-between.

The credit card industry has a huge effect on everyday life in the U.S. with credit cards being more popular than cash. Credit card ownership and usage are up due to benefits such as convenience, easy access to credit and universal acceptance. A Statista survey carried out in June 2018 revealed that 83 percent of Americans between 30 and 49 years own a credit card.

Mastercard® Audiences gives marketers the ability to target any consumer audience via email, Facebook, and direct mail.

Additional Mastercard® Audiences, along with a full suite of enhanced elements, available for additional segmentation - please inquire.

ORDERING INSTRUCTIONS

- To order this list, contact your List Broker and ask for NextMark List ID #529895 or click here to place your request.
- Use NextMark List Order Entry Software or Bionic Media Planning Software
- $0.00 MINIMUM PAYMENT
- PLEASE INQUIRE ABOUT NET NAME
- EXCHANGE IS AVAILABLE
- REUSE IS AVAILABLE

| | |
|---|---|
| POPULARITY: | 100 |
| MARKET: | CONSUMER |
| CHANNELS: | |
| SOURCE: | TRANSACTIONAL, MULTI SOURCED |
| PRIVACY: | UNKNOWN |
| DMA?: | YES - MEMBER |
| STATUS: | STANDARD PROVIDER |
| GEO: | USA |
| GENDER: | 50% FEMALE 45% MALE |

| SELECTS | |
|---|---|
| AGE | $15.00/M |
| CATEGORIES | $15.00/M |
| GENDER/SEX | $5.00/M |
| INCOME SELECT | $15.00/M |
| MOB | $10.00/M |
| RELIGION | $15.00/M |
| SCF | $5.00/M |
| STATE | $5.00/M |
| ZIP | $5.00/M |

| ADDRESSING | |
|---|---|
| KEY CODING | $5.00/M |
| EMAIL | $65.00/F |
| FTP | $65.00/F |

RELATED LISTS

- WILAND NONPROFIT/FUNDRAISING/DONOR DATABASE
- DISABLED AMERICAN VETERANS ACTIVE DONORS
- I-BEHAVIOR DATABASE
- ALLIANT DIRECT AUDIENCES - DONORS
- MEREDITH DATABASE - MASTERFILE
- CHANNELS
- ARBOR DAY FOUNDATION DONORS/MEMBERS
- KIPLINGER ENHANCED MASTERFILE
- PUBLISHERS CLEARING HOUSE MERCHANDISE BUYERS
- COLONY BRANDS CATALOGS - MASTERFILE FOR FUNDRAISERS

*See* Exhibit A hereto.

3. Puerto Rico's Right of Publicity Act clearly prohibits what Mastercard has done. *See* P.R. LAWS tit. 32, §3151 (2011), *et seq.* (the "PRRPA"). Generally speaking, the PRRPA

prohibits using a person's name or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent. Mastercard directly violated the PRRPA by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Puerto Rico customers' names, addresses, and other Personal Identifying Transactional Data.

4. Mastercard's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data. For example, anyone could buy or rent a list that contains the names, addresses, and other Personal Identifying Transactional Data of all Christian women over the age of 50 who reside in Puerto Rico, earn over $100,000 per year, and purchased a plane ticket with a MasterCard in the past six months. Such a list is available for sale or rental on the open market for approximately $165 per thousand customers listed.

5. So, while Mastercard profits handsomely from the use of its customers' names, likenesses, and other personal identifying attributes in this way, it does so at the expense of its customers' statutory rights of publicity. Accordingly, Plaintiff brings this Class Action Complaint against Mastercard for its plainly unlawful use of its Puerto Rico customers' names and likenesses in reckless disregard of Plaintiff's and the Class' statutorily protected rights under the PRRPA.

## PARTIES

6. Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Puerto Rico. During the time period relevant to this action, Plaintiff used a MasterCard card (or cards) to make purchases while residing in, being a citizen of, and physically being present in, Puerto Rico.

7. Defendant Mastercard Inc. is a Delaware corporation that maintains its headquarters and principal place of business in Purchase, New York. Mastercard is a technology company in the global payments industry that enables the use of electronic forms of payment, including credit and debit cards, by consumers, financial institutions, merchants, governments, digital partners, businesses and other organizations worldwide.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Mastercard.

9. The Court has personal jurisdiction over Mastercard because Mastercard maintains its corporate headquarters and principal place of business in Purchase, New York.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Mastercard is subject to personal jurisdiction in this judicial District, because Mastercard resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

**THE PRRPA**

11. The PRRPA prohibits any person from, *inter alia*, using an individual's name or likeness, in any manner, on or in a product, good, merchandise or service. *See*. Specifically, the PRRPA states, in pertinent part:

> Any natural or juridical person who uses another's likeness for commercial, trade, or advertising purposes without the previous consent of said person, the person who possesses a license for said likeness, his/her heirs if the person is deceased, or the authorized agent of any of the forgoing shall be liable for damages.

P.R. LAWS tit. 32, §3152 (2011). The term "likeness" means a "[n]ame, photograph, portrait, voice, signature, attribute or any representation of a person through which an average observer or listener may identify the same, produced using any reproduction procedure or technique." P.R. LAWS tit. 32, §3151(c) (2011). "Commercial purpose" is defined as "[t]he use of a person's likeness in connection with an advertisement, offer, or sale of a product, merchandise, good or service in the market." P.R. LAWS tit. 32, §3151(h) (2011).

12. "The law provides for both injunctive relief and compensatory damages to a plaintiff who sues for misappropriation or violation of the right of publicity." P.R. LAWS tit. 32, §3153 (2011). In lieu of actual compensatory damages, a prevailing plaintiff may seek statutory damages of "an amount of no less than $750 and no greater than $20,000 per violation, as deemed to be fair by the court. Whenever a violation is determined to be deliberate or due to gross negligence, the court may freely increase the amount of statutory damages to a sum no greater than $100,000 per violation." *See id.*

**MASTERCARD DIRECTLY VIOLATES THE PRRPA**

13. Mastercard maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personal identifying information, including, and highly sensitive, Personal Identifying Transactional Data.

14. Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personal Identifying Transactional Data appear. Mastercard has sold and rented (and continues to sell and rent) these lists on the open market to anyone willing to pay for them, including on a regular basis to data

miners, aggregators, appenders, and cooperatives, and aggressive marketing companies, among others.

15. As a result of Mastercard's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Mastercard on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appear. Mastercard's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

16. Mastercard does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personal Identifying Transactional Data (as well as various other categories of sensitive personal identifying information) are used by Mastercard on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

17. Mastercard uniformly fails to obtain consent from—or even provide effective notice to—its customers before engaging in the practices described herein.

18. By and through these actions, Mastercard has used Plaintiff's and all of its other Puerto Rico customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the PRRPA.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

20. Plaintiff seeks to represent a class comprised of and defined as follows:

All Puerto Rico residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Mastercard (the "Class").

21. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the members of the Class number in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Mastercard.

22. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions common to the Class include, but are not limited to: (a) whether the mailing lists that Mastercard sold on the open market to various third parties are "products, merchandise, or goods" within the meaning of the PRRPA, and whether its practices of renting access to such lists are "services" within the meaning of the PRRPA; (b) whether Mastercard used Plaintiff's and the Class members' "name[s]" or other personally identifying "attribute[s]" "in connection with . . . [the] sale of" such mailing lists or its list rental services; (c) whether Mastercard obtained "previous consent" from Plaintiff and the Class members to use their "name[s]" or other personally identifying "attribute[s]" in connection with the sale of such mailing lists or rental services; (d) whether Mastercard's practices of selling and renting such mailing lists violated the PRRPA; (e) whether Mastercard's violations of the PRRPA were knowing, "deliberate or carried out with malicious intent," or "due to gross negligence"; and (f) the appropriate amount of damages to which Plaintiff and the Class members are entitled as a result of Mastercard's violations of the PRRPA.

23. The claims of Plaintiff are typical of the claims of the other members of the Class in that the named Plaintiff and the members of the Class were injured and sustained damages by Mastercard's uniform wrongful conduct, based upon Mastercard's practices of using Plaintiff's

and Class members' names, likenesses, and other personal identifying attributes on, or in connection with, the mailing lists it sold and rented (and its sales and rentals of such lists) to third parties on the open market.

24. Plaintiff is an adequate representative of the Class because none of the Plaintiff's interests conflict with the interests of the other members of the Class that he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Mastercard's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Mastercard's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## CLAIM FOR RELIEF
**Violation of Puerto Rico's Right of Publicity Act,**
**P.R. LAWS tit. 32, §3151 (2011), *et seq.***
**(By Plaintiff Individually and on Behalf of the Class)**

26. Plaintiff repeats and incorporates herein the allegations in paragraphs 1-25 above.

27. Plaintiff brings this claim individually and on behalf of members of the above-defined Class against Mastercard.

28. Plaintiff is a natural person and therefore a "person" within the meaning of the PRRPA. *See* P.R. LAWS tit. 32, §3151(f) (2011).

29. Mastercard is a corporation and thus a "juridical person" within the meaning of the PRRPA. *See* P.R. LAWS tit. 32, §3152 (2011).

30. Plaintiff, a Puerto Rico resident, used a MasterCard card (or cards) to make purchases. Each member of the Class likewise resides in Puerto Rico and used MasterCard cards to make purchases.

31. At no time before or at the time Plaintiff used a MasterCard card (or cards) to make purchases did Mastercard notify Plaintiff that it would use his name or other personally identifying attributes "in connection with . . . [the] sale of a product, merchandise, good, or service" by selling or renting mailing lists on which his name, address, and other Personally Identifying Transactional Data appeared, as well as by renting access to such lists. *See* P.R. LAWS tit. 32, §3151(c), (h) (2011) & P.R. LAWS tit. 32, §3152 (2011). Plaintiff has never consented to Mastercard using his name or other personally identifying attributes for commercial purposes in this way. *See id.* Mastercard likewise failed to notify any of its other customers, including the members of the Class, that it would use their names, addresses, and other Personally Identifying Transactional Data "in connection with . . . [the] sale of a product, merchandise, good, or service" by selling or renting mailing lists on which their names, addresses, and other Personally Identifying Transactional Data appeared. *See id.* And none of the members of the Class consented to Mastercard using their name or other personally identifying attributes for commercial purposes in this way. *See id.*

32. After Plaintiff used a MasterCard card (or cards) to make purchases, and during the relevant statutory period, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly, deliberately, and with reckless disregard for the PRRPA, sold and rented mailing lists containing Plaintiff's name, address, and other Personal Identifying Transactional Data to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining Plaintiff's consent or even giving him prior notice of its use of his name and other personally identifying attributes in this way. Likewise, during the statutory period relevant to this action, Mastercard knowingly, deliberately, and with reckless disregard for the PRRPA, sold and rented mailing lists containing the names, addresses, and other Personal Identifying Transactional Data of the members of the Class to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining consent to these practices from, or even providing prior notice to, any of these individuals.

33. "Pedro Caro Rivera," which Mastercard used on the mailing lists that it sold and rented and continues to sell, is the "name . . . through which an average observer or listener may identify" Plaintiff. P.R. LAWS tit. 32, §3151(c) (2011). Moreover, the other personally identifying information pertaining to Plaintiff that Mastercard included on the mailing lists that it sold and rented – including his address, age, gender, religion, and purchase-related data – also constituted, individually or collectively, "attribute[s] or . . . representation[s]" of Plaintiff "through which an average observer or listener may identify" Plaintiff. *See id.* Accordingly, by and through the actions alleged herein, Mastercard used Plaintiff's "likeness" within the meaning of the PRRPA. *See id.*

34. Significant commercial value exists in the aspects of Plaintiff's and the other Class members' likenesses that Mastercard used, and continues to use, in connection with its sales and rentals of mailing lists.

35. The mailing lists that Mastercard knowingly, deliberately, and with reckless disregard for the PRRPA sold and continues to sell, as well as its practices of selling access to such lists through list rentals in a knowing, and deliberate manner with reckless disregard for the PRRPA, on the open market to anyone interested in purchasing them, constituted "product[s], merchandise, good[s], or service[s]" (and the sales of such things) within the meaning of the PRRPA. *See* P.R. LAWS tit. 32, §3151(h) (2011).

36. Because the mailing lists that Mastercard sold and rented (and continues to sell and rent) contained Plaintiff's and the other Class members' names, addresses, and other personal identifying attributes, and identified each such person as having used MasterCard cards to make purchases, Mastercard used Plaintiff's and the Class members' names and other identifying attributes "in connection with" its sales and rentals of such mailing lists. *See* P.R. LAWS tit. 32, §3151(h) (2011). Accordingly, Mastercard used Plaintiff's and the other Class members' likenesses for "commercial purposes" within the meaning of the PRRPA. *See id.*

37. As alleged above, Mastercard failed to obtain the "previous consent" of Plaintiff or any member of the Class prior to using their "likenesses" for "commercial purposes" in the manner alleged herein. *See* P.R. LAWS tit. 32, §3151(f) (2011) & P.R. LAWS tit. 32, §3152 (2011).

38. By and through these actions, Mastercard knowingly, deliberately, and with reckless disregard for the rights of Plaintiff and the Class members, "use[d] [Plaintiff's and the Class members'] likeness[es] for commercial [or] trade . . . purposes without the previous consent of said person[s]," in direct violation of the PRRPA. *See* P.R. LAWS tit. 32, §3152 (2011).

39. Mastercard's nonconsensual use of Plaintiff's and the other Class members' likenesses in connection with the mailing lists that it sells and rents, as alleged herein, did not constitute uses "as part of a news report, political expression, sporting, or artistic event transmission, or presentation with a legitimate public interest, and where said likeness is not used with commercial or publicity purposes." P.R. LAWS tit. 32, §3157(a) (2011).

40. Mastercard acted with "[t]otal carelessness or failure to adhere to a minimal standard of care that raises a presumption of indifference to consequences, implying reckless disregard," in the course of using, without consent, Plaintiff's and the other Class members' likenesses in connection with its sales of and practices of renting the subject mailing lists. *See* P.R. LAWS tit. 32, §3151(d) (2011). Indeed, during the time period relevant to this action, Mastercard, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject mailing lists from its customer database, the use of Plaintiff's and the other Class members' likenesses in connection with such mailing lists, the advertising of such mailing lists and the ability to rent such lists on the open market, and the actual sales and rentals of such mailing lists to various third parties. Plaintiff is informed and believes that Mastercard reaped significant monetary profits through its sales and rentals of mailing lists on or in which Plaintiff's and the other Class members' names and likenesses appeared.

41. Moreover, Mastercard had every "reason for knowing or believing that [its] activities," as alleged here, "constituted a violation of the plaintiff's publicity rights," *see* P.R. LAWS tit. 32, §3153 (2011), because Mastercard, on information and belief, was aware of the existence of and the rights afforded under Puerto Rico's PRRPA and the various other states' and

territories' right of publicity statutes, and understood and appreciated that its conduct, as alleged herein, was, and continues to be, undertaken in violation of said statutes. Mastercard has nonetheless refused to cease using its Puerto Rico customers' likenesses for commercial purposes without their consent in the manner described herein.

42. Plaintiff brings this action, individually and on behalf of the Class, "one (1) year following the date on which [he] became aware or should have gained knowledge of the occurrence of the facts that constitute grounds for [the] cause of action [alleged herein] and serves as the foundation for such action or procedure." P.R. LAWS tit. 32, §3156 (2011).

43. Plaintiff and the members of the Class have been injured, in Puerto Rico, from the violations of their rights of publicity that they suffered as a result of Mastercard's nonconsensual use of their names and likenesses in the manner described herein. On behalf of himself and the Class, Plaintiff seeks: (1) statutory damages of $100,000 per violation of the PRRPA determined to be deliberate or due to gross negligence (or of $20,000 per violation of the PRRPA not determined to be deliberate or due to gross negligence), or, alternatively and in the court's discretion, of an amount not less than $750.00 per violation of the PRRPA, for himself and each Class member pursuant to P.R. LAWS tit. 32, §3153 (2011); (2) a declaration that Mastercard's conduct described herein violates the PRRPA pursuant to P.R. LAWS tit. 32, §3153 (2011); (3) an injunction prohibiting Mastercard from further using Plaintiff's and the Class members' likenesses on or in the mailing lists that it sells and rents, and requiring Mastercard to obtain prior consent from Puerto Rico customers prior to doing so in the future, pursuant to P.R. LAWS tit. 32, §3153 (2011) and P.R. LAWS tit. 32, §3152 (2011); and (4) costs and reasonable attorneys' fees pursuant to pursuant to P.R. LAWS tit. 32, §3153 (2011).

**PRAYER FOR RELIEF**

44. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Mastercard Inc. as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For a declaration that Mastercard's conduct described herein violates the PRRPA;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For an injunction prohibiting Mastercard from further using Plaintiff's and the Class members' likenesses on or in the mailing lists that it sells and rents, and requiring Mastercard to obtain prior consent from Plaintiff and the Class members prior to doing so in the future, pursuant to P.R. LAWS tit. 32, §3153 (2011) and P.R. LAWS tit. 32, §3152 (2011);

E. For an award of statutory damages of $100,000 to Plaintiff and each Class member for each violation of the PRRPA that is determined to be deliberate or due to gross negligence (or of $20,000 for each such violation of the PRRPA not determined to be deliberate or due to gross negligence), or, alternatively and in the court's discretion, of an amount not less than $750.00 per violation of the PRRPA, to Plaintiff and each Class member, pursuant to P.R. LAWS tit. 32, §3153 (2011);

F. For an order awarding counsel for the Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to P.R. LAWS tit. 32, §3153 (2011); and

G. For prejudgment interest on all amounts awarded.

**JURY DEMAND**

Plaintiff, on behalf of himself and all members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: November 30, 2021

Respectfully submitted,

**HEDIN HALL LLP**

s/ Arun G. Ravindran
Arun G. Ravindran
aravindran@hedinhall.com
Frank S. Hedin*
fhedin@hedinhall.com
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman*
jzimmerman@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*